Alma Le Pitre, Appellant, v. Chicago Park District, Appellee.

Gen. No. 39,160.

Opinion filed May 19, 1937.

NELSON & KIDDER, WILEY W. MILLS and OSCAR E. CARLSTROM, of Chicago, for appellant.

CHARLES CENTER CASE, of Chicago, for appellee; PHILIP A. LOZOWICK, of Chicago, of counsel.

MR. PRESIDING JUSTICE DENIS E. SULLIVAN delivered the opinion of the court.

This appeal is brought by the plaintiff from an order of the superior court entered on May 27, 1936, dismissing the above entitled cause at plaintiff's costs on motion of the court.

One has but to read the proceedings which took place in the trial court, as set forth in the record, to come to the conclusion that the order must be reversed because of errors committed by the court.

On January 16, 1932, suit was commenced against defendant South Park Commissioners, a municipal corporation, for the sum of $50,000. A declaration was filed on that day consisting of six counts and alleged in substance that the defendant had theretofore laid out, established, improved and maintained certain parks, boulevards and ways within the territorial limits of the City of Chicago; that defendant as such municipal corporation was possessed of and had control of a certain public street, called the Outer Drive which was open for public travel as a driveway by means of motor and other vehicles; that the said defendant should have kept the same in good and safe repair and condition as such driveway and free from unsafe and dangerous obstructions; that in disregard of this the defendant wrongfully and negligently caused to be erected and maintained a certain unsafe and dangerous obstruction or lamppost upon a concrete base at or near the middle of said driveway and near the junction or extended intersecting line of said driveway with Thirtieth street and wrongfully, negligently and carelessly permitted and suffered the said lamppost to be and remain on said driveway in an unsafe and dangerous condition and without any light, or other device to warn drivers of motor and other vehicles of the location and existence of said lamppost; that plaintiff was riding in a motor car driven by her husband and exercising all due care for her safety, and that while exercising such care and caution said automobile in which

plaintiff was riding struck the lamppost with great force severely injuring the plaintiff.

The declaration further alleges that the Chicago Park District was the successor and assumed the powers and liability of the South Park Commissioners, a municipal corporation; that the said South Park Board was dissolved and asked to have the South Park Commissioners substituted for the original defendant; that said defendant voluntarily undertook and did prior to and at the time aforesaid own and operate a certain electric light plant for its own advantage and to protect its corporate interests; that said electric light plant was used and operated for the purpose of lighting said Outer Drive and other public streets and boulevards; that it used certain poles and wires along its streets and boulevards to supply electric current to the lamps operated along said street; that it failed to light these electric lampposts on said Outer Drive; that the night of the accident was dark and the said concrete lamp post which plaintiff's automobile struck could not be seen unless the same was lighted and that the said defendant knowingly and negligently permitted the said lamppost to remain out of order and unlighted.

Plaintiff's declaration further alleges that defendant wrongfully and improperly did erect and maintain said electric lamppost as well as other lamps along said Outer Drive, and permitted them to become and remain out of order and to remain dark, thereby becoming an unlawful obstruction upon said public street so as to render it unsafe and dangerous to persons passing along the same.

In another count of the declaration plaintiff alleges the erection of said post, defendant's knowledge of its danger, and defendant's refusal to remove the same.

In another count plaintiff alleges that neither plaintiff nor the driver of the automobile had any knowl-

edge or warning of the obstruction and that defendant permitted this dangerous obstruction to remain at the place where the accident occurred.

In all the counts it is alleged that the defendant is a voluntary municipal corporation.

Plaintiff contends that defendant did perform corporate, private and ministerial functions; that such corporations, when exercising corporate or proprietary functions, are liable for tort and for the particular damages sustained by the plaintiff as the result of its negligence.

February 3, 1932, defendant filed a demurrer to plaintiff's declaration which demurrer was on September 17, 1934 overruled by the court and the defendant required to answer within 15 days.

Thereafter on October 23, 1934, an answer was filed by defendant in which it calls for strict proof of the allegations and denies that it possessed or had control of the Outer Drive; denies most of the allegations of fact as contained in the declaration; denies the allegation of due care on the part of the plaintiff or that her husband, with whom she was riding, exercised due care.

On October 24, 1934, the Chicago Park District was substituted as defendant.

Thereafter on December 3, 1934, the Chicago Park District entered its appearance and on December 4, 1934, made a motion to dismiss the suit alleging in said motion certain denials of allegations set forth in said declaration, also raising some questions of law and stating that no notice of the accident was served upon the defendant according to the statute. This motion was heard on December 22, 1934, and denied, and the defendant was ordered to file an answer within 20 days from said date.

On January 10, 1935, an answer was filed denying the allegations of fact and the conclusion to be de-

rived therefrom in said answer and denied the legal interpretation which the plaintiff puts upon the powers and liability of the General Assembly under the law.

Thereafter on February 1, 1935, plaintiff made a motion to strike the answer and on April 27, 1935, by agreement of the parties leave was given to the plaintiff to withdraw her motion to strike the answer of the defendant and leave given plaintiff to file an amended declaration instanter and defendant was required to answer the amended declaration within 15 days.

On the same day plaintiff's amended declaration was duly filed which contained some six counts and in its allegations of fact as to the functions which were being exercised by the Chicago Park District, the successor to the South Park Commissioners, it charged them with exercising such functions as a corporation, which were not governmental in their character and with the consequent liability.

Thereafter on May 10, 1935, a demurrer was filed by the defendant Chicago Park District, which on May 27, 1935, was overruled and the defendant required to file its answer within 10 days from that date.

On June 3, 1935, a plea of not guilty was filed by the Chicago Park District.

On May 27, 1936, the cause being at issue was called for trial before Judge David, whereupon an order was entered which in part reads as follows:

"On motion of Court it is ordered that the plea of the general issue heretofore filed herein by the defendant be and the same is now withdrawn."

The order further recites that "this cause is now coming on to be heard upon the demurrer of the defendant to the amended declaration which was heretofore filed herein by the defendant and which was overruled and after argument of counsel and due deliberation by the Court aforesaid demurrer is sustained and

the plaintiff elects to stand by his amended declaration.'' The order then concludes as follows:

''It is therefore ordered that the plaintiff Alma Le Pitre take nothing by her aforesaid action but that the defendant the Chicago Park District a Municipal Corporation go hence without day and do have and recover of and from the plaintiff its costs and charges in this behalf expended and have execution therefor.

''The Court now fixes the appeal bond for the plaintiff at the penal sum of Two Hundred Dollars. . . .''

The court dismissed the suit at plaintiff's costs and plaintiff thereupon appealed, complaining that she should have been permitted, so long as the case was at issue, to proceed with the trial on its merits.

From the record, the action of the court is confusing. We cannot understand why on the ''motion of the court,'' a plea of the general issue should be ordered withdrawn when the court had, prior to that time, ordered that it be filed after overruling a demurrer which was at that time on file.

The order also states: ''and after argument of counsel and due deliberation by the Court aforesaid demurrer is sustained. . . .'' At that time there was no demurrer pending. It had prior thereto on May 27, 1935, been disposed of by Judge Frankhauser. The order of Judge Frankhauser had not been vacated nor does Judge David's order purport to do so. Certainly, it is not the general practice of a court to order a plea withdrawn, without any reason, concerning which no one complains and which was filed in pursuance of a prior order of court, without at least vacating such prior order.

The cause was properly at issue prior to its appearance on Judge David's call and, in our opinion, should have remained at issue. We think plaintiff rightfully complains that as her cause was at issue she should have been permitted to have said cause tried on its merits. This is particularly true because of the con-

tradictory orders that were entered by the same court, and which has resulted in this confusion.

For the reasons herein given the order of May 27, 1936, entered by Judge David, is hereby reversed and the cause is remanded with directions that the plaintiff be permitted to try her case on the issues made and set forth in the declaration and plea.

*Judgment reversed and cause remanded with directions.*

HEBEL and HALL, JJ., concur.